## CALEB S. JENKS *versus* GEORGE F. MANSON.

Where an agent of the plaintiff, to sell a vessel, paid the proceeds to the defendant, for the use of the plaintiff, the former cannot resist the claim of the latter on the ground that he did not own the vessel, which he authorized his agent to convey.

On Report by Walton, J.

Assumpsit for money had and received.

The case is stated in the opinion.

*Tallman & Larrabee*, for plaintiff.

*Gilbert*, for defendant.

Appleton, C. J.—The plaintiff, as the receiver of the estate of C. & W. D. Crooker, and the defendant, gave one Bradstreet Rariden, the master of the ship Ocean Romp, a power of attorney to sell the same. The defendant owned five-eighths and the plaintiff, as receiver, claimed two-eighths of the ship. The remaining one-eighth belonged to Rariden.

Under this power, a sale of the vessel was effected in London, and the plaintiff's share of the price and of the previous earnings was paid by Rariden to the defendant for the plaintiff's use, to recover which this suit is brought.

The defendant resists the plaintiff's right, to the extent of one-sixteenth, on the ground, that the legal title thereto was in one Charles C. Duncan of the city of New York, who held the same in trust for Wm. D. Crooker in his individual right.

The defendant received the money for the use of the plaintiff, who *prima facie* is entitled to recover.

If the legal title to the one-sixteenth in controversy was in Duncan, then that portion of the vessel has never been sold, for it is not pretended that he, or any person claiming title under him, either authorized Rariden to sell this interest, or has in any way since ratified the same, or claimed or asserted any right to the proceeds of such sale.

The defendant is not shown to be liable to any one for the amount in controversy. If there was a failure of title as to one-sixteenth, the plaintiff is entitled to these funds, with which to remunerate the purchaser to the extent of the failure of title in the ship conveyed. If there was no failure of title, still less has the defendant any pretence for

withholding any portion of the funds, which he received for the plaintiff's use. In either contingency, the defence fails. *Default to stand.*

CUTTING, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.